## American Cigar Company, Appellee, v. J. Berger et al. In the matter of contempt petition filed against Emma Seeley et al., Appellants.

### Gen. No. 26,044.

1. APPEAL AND ERROR—*when findings of chancellor not disturbed.* Where the chancellor has heard the testimony and had the opportunity of observing the witnesses while testifying, his findings upon disputed questions of fact will not be disturbed unless they are manifestly against the weight of the evidence.

2. INJUNCTION—*when finding of violation of order against intimidating employees sustained.* Evidence examined and *held* to sustain the finding that respondents were in contempt of court in violating an injunction order against intimidating the employees of appellee, by committing an assault upon one of such employees.

3. INJUNCTION—*when punishment not excessive.* Sentences to 35 days in jail for contempt of court in committing an assault upon one of appellee's employees in violation of an injunction order, *held* not too severe in view of previous convictions of violation of such injunction.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Affirmed. Opinion filed June 18, 1921. Rehearing denied July 15, 1921.

DANIEL L. CRUICE and FRED C. G. SCHMIDT, for appellants.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

This is an appeal from an order finding the appellants guilty of contempt of court and punishing them therefor, on a petition for a rule to show cause, which petition charged appellants with the violation of an injunction order theretofore issued pursuant to the prayer of a bill filed by the complainant, American Cigar Company.

On motion of appellee the case at bar has been consolidated for hearing with cases Nos. 25,573, 25,718 and 26,043, *ante,* pp. 299, 285, 332, in all of which we are this day filing opinions. All of the cases involve appeals from contempt orders. After the appellee company had filed its petition for a rule to show cause in case No. 26,043, *ante,* p. 332, and the respondents had filed their answer thereto and pending a hearing before the court on the issues thereby joined, the appellee company filed the petition involved in the case at bar, alleging that on the evening of October 8, 1919, one Mary Meitz, an employee of the appellee company, who had been a witness for appellee at the hearing involved in case No. 25,718, *ante,* p. 285, as she neared her home while returning from work at the appellee's factory, was assaulted by the appellants, four girls, who were among those on strike at said factory and that said appellants knocked down the said Mary Meitz and struck and kicked and beat her. The answer of appellants was duly filed and a hearing had before the court. Mary Meitz and a girl who was a friend of hers and her fellow employee at the appellee's factory, testified in support of the allegations in the petition, to the effect that the former had been assaulted by all of the appellants. The appellants all testified denying the assault and alleging that no blows had been struck and there had been no physical violence of any kind. One of the appellants, Julia Hozian, testified that on the morning of that day, while she and one Dora Trosky (not involved here) were doing picket duty at the factory, they were set upon and beaten by some fifteen of appellee's employees including Mary Meitz. In this she was corroborated by the testimony of Dora Trosky. The appellant Emma Seeley testified that at the time of the occurrence complained of, in the evening of October 8, she passed Mary Meitz at the place in question and that the latter engaged in some conversation with one of the girls, in

American Cigar Co. v. Berger, 221 Ill. App. 339.

the Slavic language, and she did not understand what was said. The appellant Julia Hozian testified that upon the occasion in question and at the place referred to by Mary Meitz in her testimony, the latter had called to her as they passed in the street and referred to the fact that the witness had received a good beating that morning and would get some more the next morning, saying that if the strikers beat them they would be put in jail but if the employees beat the strikers the company would take care of them. The witness contended that no blows whatever were struck and there was no physical violence of any kind. Substantially the same testimony was given by the other appellants. The testimony disclosed the fact that one Jake Billow, who was the president of the Cigar Makers' Local Union to which the strikers belonged, was standing on the street corner near by at the time that Mary Meitz testified she was assaulted.

Appellants contend that the finding of the court is against the manifest weight of the evidence. We have carefully read the evidence as we find it in the record. It is a well-known rule that where the chancellor has heard the testimony and had the opportunity of observing the witnesses while testifying, his findings upon disputed questions of fact will not be disturbed, unless they are manifestly against the weight of the evidence. We are of the opinion that such is not the situation in the case at bar. Appellants argue that such an altercation and assault as the witnesses for appellee described would necessarily draw a crowd and yet there are no witnesses to corroborate the testimony of Mary Meitz other than her fellow employee and friend who testified that she helped her home after the assault was over. The testimony shows that this was in a neighborhood containing many factories and that the time of the alleged occurrence was in the early evening after the employees had been dismissed. There were also dwellings in the neighborhood but if

Mary Meitz was set upon, as she testified, and beaten, it is not surprising that she and her companion, both young girls, busied themselves in an effort to get home and away from further harm, rather than providing themselves with a list of witnesses. In our opinion, it is quite significant that the man who was the president of the Union to which the strikers belonged was standing on a nearby street corner at the time appellants all admit they were present and passed Mary Meitz on the street. The girl who testified that she helped Mary Meitz home also testified to seeing the president of the Union, and she said she passed within a few feet of him. If everything was as peaceful as appellants contend and if there was no altercation of any kind but the exchange of words they testified about, it seems very strange that he did not testify in their behalf, particularly as he was a respondent to the petition to show cause, involved in case No. 26,043, *ante,* p. 332, the hearing on which was had by the court in conjunction with the hearing of the case at bar. Appellants further contend that even if Mary Meitz was assaulted as claimed, they should not be punished as severely as they were. The court sentenced each of the appellants to 35 days in jail. In our opinion such sentences were not too severe, in view of all that had gone before in connection with this strike as referred to in our opinions filed in the cases consolidated with the case at bar.

We find no error in the record and therefore the order of the superior court is affirmed.

*Affirmed.*

TAYLOR, P. J., and O'CONNOR, J., concur.